JOSEPH D. AND MEE C. KWONG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2947-75.     Filed February 11, 1976.

*Henry W. Howard,* for the petitioners.
*John Gigounas,* for the respondent.

OPINION

DRENNEN, *Judge:* In a notice of deficiency addressed to both petitioners respondent determined that petitioner Joseph D. Kwong was liable for additions to tax under section 6653(b), I.R.C. 1954,[1] as follows:

| T.Y.E. Dec. 31— | Addition to tax under sec. 6653(b) | T.Y.E. Dec. 31— | Addition to tax under sec. 6653(b) |
|---|---|---|---|
| 1967 | $69 | 1970 | 1,044 |
| 1968 | 1,167 | | |
| 1969 | 1,066 | Total | 3,346 |

Both petitioners agreed to the deficiencies in their joint income tax for the above years proposed by respondent, and petitioner Joseph D. Kwong agreed that he is liable for the addition to tax on one-half of the deficiency for each year.

The sole issue for determination is whether petitioner Joseph D. Kwong is liable for the entire amount of the additions to tax for fraud asserted by respondent pursuant to section 6653(b) in respect of deficiencies in petitioners' joint income tax for the taxable years 1967 through 1970, inclusive, no part of which deficiencies were due to fraud on the part of petitioner Mee C. Kwong.

This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure; the facts are accordingly so found.

Petitioners' legal residence as of the date their petition herein was filed was San Jose, Calif. Petitioners filed joint Federal income tax returns for the taxable years 1967, 1968, 1969, and 1970 with the District Director of Internal Revenue, San Francisco, Calif. All of the income which petitioners reported on the joint returns was community income under the laws of the State of California then in effect.

Petitioner Joseph D. Kwong (hereinafter sometimes referred to as Joseph) was a wholesale flower grower in the San Jose, Calif., area during the years 1967 through 1970. Petitioners' joint Federal income tax returns for the years 1967 through 1970 were examined by the Internal Revenue Service, and, as a result, Joseph was charged in a criminal information for willfully attempting to evade his income taxes for the years 1968 through 1970, by understating his gross income, in violation of section

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise specified.

7201. Joseph pleaded guilty to the charge for the year 1969, and the charges for the remaining years were dismissed. After the conclusion of the criminal case, petitioners' income tax returns for the years 1967 through 1970 were sent to the District Director's office in San Francisco, Calif., for disposition.

Petitioners agreed to deficiencies resulting from unreported community income asserted by respondent, after an examination, as shown on the chart which follows.

Petitioner Joseph D. Kwong also agreed that the underpayment of tax for the taxable years 1967 through 1970 was due to fraud on his part, and he agreed to pay fraud penalties under section 6653(b) in the amounts shown on the chart.

Respondent, in the statutory notice issued to petitioners, determined that the balance of the additions to tax provided by section 6653(b) is owing by Joseph. Respondent determined that no part of the underpayment of tax for the taxable years 1967 through 1970 was due to fraud on the part of Mee C. Kwong; therefore, the fraud penalty was not asserted against her.

The following chart indicates petitioners' tax as redetermined after examination; the tax shown on their original joint returns; the deficiencies agreed to by petitioners; the fraud penalties determined by respondent on the deficiencies; the portion of the fraud penalties agreed to by petitioner Joseph D. Kwong; and the fraud penalties asserted against Joseph in the statutory notice:

|  | 1967 | 1968 | 1969 | 1970 |
|---|---|---|---|---|
| Tax as redetermined (after examination) | $274 | $5,128 | $5,878 | $6,285 |
| Tax per original return | — | 397 | 1,616 | 2,110 |
| Deficiency (agreed to by petitioners) | 274 | 2 4,731 | 4,262 | 4,175 |
| Sec. 6653(b) addition determined by respondent | 137 | 2,366 | 2,131 | 2,088 |
| Portion of addition agreed to by Joseph D. Kwong | 68 | 3 1,199 | 1,065 | 1,044 |
| Unpaid addition which statutory notice asserts against Joseph D. Kwong | 69 | 1,167 | 1,066 | 1,044 |

(All figures are rounded to whole dollars.)

2 Although the "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" (Form 870) signed by petitioners indicates a somewhat higher deficiency, the parties now agree that $4,731 is the proper figure herein.

3 This figure is as stipulated by the parties.

We must determine whether petitioner Joseph D. Kwong is liable for the entire amount of the 50-percent fraud penalty applied to the deficiencies in petitioners' joint income tax liability for the years 1967 through 1970, inclusive, where such deficiencies resulted from the understatement of community income and were attributable to fraud solely on the part of petitioner Joseph D. Kwong.

Section 6653(b), pursuant to which respondent asserted the penalties herein, provides as follows:

SEC. 6653. FAILURE TO PAY TAX.

(b) FRAUD.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.

Specifically, it is the effect to be accorded the last sentence thereof upon which resolution of the instant case depends.

Petitioners contend that, by virtue of the fact that their income was community income, to impose liability on Joseph for the penalties in issue would in effect be to impose such liability on Mee C. Kwong, in violation of both the language and statutory purpose of section 6653(b). Petitioners reason that one-half of the deficiencies in tax to which they have agreed is attributable to Mee's share of unreported community income and constitutes "the tax of a spouse" within the meaning of section 6653(b) to which the 50-percent penalty, by its terms, does not apply; thus, petitioners conclude the 50-percent penalty applies only in respect of the deficiency in tax attributable to Joseph's share of the community income, which penalty Joseph has already agreed to pay. Further, petitioners argue that the last sentence of subsection (b), which was added thereto in 1971,[4] was specifically designed to preclude imposition of the fraud penalty on Mee, as an "innocent spouse," and that to hold Joseph liable for the penalties in issue would deny Mee such intended relief since, as

---

[4] Act of Jan. 12, 1971, Pub. L. 91-679, sec. 2; 84 Stat. 2063 (applicable to all taxable years to which the Internal Revenue Code of 1954 applies).

an economic reality, the penalties would necessarily be collected from community funds.

We agree with respondent that petitioners misconstrue the purpose and application of the "innocent spouse" provisions enacted in 1971. See n. 4.

Under section 6013(d)(3),[5] if a husband and wife file a joint income tax return they are both jointly and severally liable for the tax computed on the aggregate income, including additions to tax and penalties. Sec. 6659.[6] Prior to enactment of the "innocent spouse" amendments in 1971 it was clear that the 50-percent fraud penalty imposed by section 6653(b) applied to the entire amount of any deficiency in tax computed on the aggregate income. *Nathaniel M. Stone,* 56 T.C. 213 (1971); *Estate of Dorothy E. Beck,* 56 T.C. 297 (1971); *Parker v. United States,* — F. Supp. — (N.D. Tex. 1975, 36 AFTR 2d 75-5028, 75-1 USTC par. 9499), affd. — F. 2d — (5th Cir. 1975, 37 AFTR 2d 76-336, 76-1 USTC par. 9150). This produced some harsh liabilities on spouses who were unaware that taxable income received by the other spouse was not reported on the joint return and who had no part in the fraud resulting therefrom, but were nevertheless liable for the entire deficiency and fraud penalty simply by virtue of having filed a joint return. This was particularly true where the guilty spouse was unavailable or unable to pay the deficiency. See, e.g., *Louise M. Scudder,* 48 T.C. 36 (1967), revd. 405 F. 2d 222 (6th Cir. 1968), cert. denied 396 U.S. 886 (1969); *Kathleen C. Vannaman,* 54 T.C. 1011 (1970). To ameliorate this hardship Congress enacted the "innocent spouse" amendments to sections 6013 and 6653(b). H. Rept. 91-1734, 91st Cong., 2d Sess. (1970); S. Rept. 91-1537, 91st Cong., 2d Sess. (1970).

The amendment to section 6013 added subsection (e)[7] which

---

[5] SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE.
(d) DEFINITIONS.—For purposes of this section—
* * *

(3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.

[6] SEC. 6659. APPLICABLE RULES.
(a) ADDITIONS TREATED AS TAX.—Except as otherwise provided in this title—

(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

[7] (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

relieved the innocent spouse of liability for the tax (including penalties) on any taxable income *omitted* by the other spouse if (1) the omission was in excess of 25 percent of the amount of gross income stated in the return, (2) the innocent spouse did not know of such omission, (3) did not benefit from the items omitted, and (4) met the other requirements of the subsection. Of course, this did not relieve the innocent spouse of liability for the deficiencies and penalties resulting from the fraudulent claiming of excessive deductions or something other than the omission of income. To further alleviate the hardship on innocent spouses under the latter circumstances, Congress also amended section 6653(b) by adding the last sentence thereto. This provision does not relieve the innocent spouse of liability for the deficiency in tax resulting from such errors; rather, it makes the 50-percent fraud penalty inapplicable to the tax of the nonfraudulent spouse. While the language used is not too artful, it is clear from the legislative history of this provision and the overall purpose sought to be accomplished by this legislation that Congress intended only to relieve the nonfraudulent spouse of *liability* for the fraud penalty, and not to relieve the fraudulent spouse of any liability he or she otherwise had for the fraud penalty.

Since the fraudulent spouse's liability, being joint and several, is for the entire deficiency and the penalty imposed on that deficiency, the last sentence of section 6653(b) is irrelevant to the inquiry here being pursued. Respondent has not asserted the 50-percent addition to tax with respect to the tax of Mee, the innocent spouse, but has asserted it with respect to the entire tax for which Joseph, the guilty spouse, is severally liable, that being the entire deficiency to which he agreed. The language of section 6653(b), "In the case of a joint return under section 6013,"

---

(1) IN GENERAL. Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

expressly incorporates the provisions of section 6013(d)(3) which, as respondent emphasizes, imposes not only joint but also several liability upon the respective petitioners. To hold Joseph liable for the fraud penalty on the entire deficiency is merely to recognize that the liability under section 6653(b) is itself joint and several. See sec. 6659, *supra; Nathaniel M. Stone, supra.* In *Stone,* which also involved a husband and wife who had filed joint returns, although we found that Mrs. Stone was not guilty of fraud and was thus not liable for the fraud penalty by virtue of the 1971 amendment of section 6653(b), we held that Dr. Stone was liable for the fraud penalties determined by respondent, which were asserted with respect to the entire amount of the deficiencies in tax for which both Dr. and Mrs. Stone were liable.

The imposition of liability on petitioner Joseph D. Kwong for the penalties in issue does not, as petitioners insist, contravene the statutory purpose but rather effectuates precisely the result contemplated by Congress. The 1971 amendment, whereby Congress added what is now the last sentence of section 6653(b), was enacted to mitigate the inequities which arose from the imposition of joint and several liability on a spouse, innocent of any fraud, merely on the basis of having filed a joint return. As evidence that Congress was so motivated, the following excerpt from this Court's opinion in *Louise M. Scudder, supra,* appears on page 2 of the House report [8] accompanying the amendment:

Although we have much sympathy for petitioner's unhappy situation and are appalled at the harshness of this result in the instant case, the inflexible statute leaves no room for amelioration. It would seem that only remedial legislation can soften the impact of the rule of strict individual liability for income taxes on the many married women who are unknowingly subjected to its provisions by filing joint returns. [48 T.C. at 41.]

As to the general operation of the amendment, the House report [9] goes on to state:

The bill (sec. 2) also [10] amends the provision imposing a 50-percent penalty when the underpayment is due to fraud (sec. 6653(b) of the code). In this case, the bill provides, in effect, that if one spouse is shown to be guilty of fraud in the filing of a joint return, *the other spouse is not to be liable for the fraud penalty* unless it is also established that he or she is also guilty of fraud. This potential relief from the fraud penalty applies even though the spouse in question may be

---

[8] H. Rept. No. 91-1734, 91st Cong., 2d Sess. (1970).

[9] *Ibid.* The Senate report, S. Rept. 91-1537, 91st Cong., 2d Sess. (1970), contains identical language.

[10] Sec. 1 of Pub.L. 91-679 contains the provisions now found in sec. 6013(e).

jointly liable for the underpayment in tax due. This relief would apply, for example, where the underpayment resulted from fraudulent deductions (rather than on omission from gross income)—an example of a situation in which no relief is provided the spouse for the tax liability as such.

If a spouse is to be subject to the 50-percent fraud penalty as a result of the filing of a joint return, the Government must establish that some part of the underpayment is due to the fraud of that spouse in accordance with the burden of proof requirements imposed upon it by existing law. Thus, if the husband is convicted of the crime of tax evasion, and consequently collaterally estopped from denying that the joint return that he filed with his wife is false and fraudulent, the Government still must show that the wife is also guilty of fraud if it seeks to make *her* liable for the 50-percent fraud penalty.

[H. Rept. 91-1734, 91st Cong., 2d Sess. 4 (1970); emphasis added.]

This language, coupled with the assertion that "Numerous cases have been brought to [the] committee's attention in which the imposition of joint liability upon an innocent spouse has resulted * * * in grave injustice," H. Rept. No. 91-1734, *supra* at 2, leads us to conclude, as respondent urges, that section 6653(b), as amended, while according relief to the innocent spouse, in no way abrogates the liability, as defined in section 6013(d)(3), of the other spouse for the fraud penalty.

We derive additional support for this conclusion from *Parker v. United States, supra,* which involved, in the context of a refund suit, precisely the same issue as that raised by petitioners herein. In rejecting the taxpayers' claim for a refund of one-half of the section 6653(b) penalty, the District Court in *Parker v. United States, supra,* stated:

Plaintiffs rely on the last sentence above quoted in support of their claim. However, the last sentence of § 6653(b) does not, as plaintiffs urge, relieve a husband taxpayer in a community property state of the fraud penalty upon one-half of the deficiency tax where the spouses file a joint return and the wife is innocent of any fraud. Liability for the tax when a joint return is made is joint and several. 26 U.S.C.A. § 6013(d)(3). The fraudulent underpayment of "any part" of the tax subjects the husband in such a case to a fraud penalty upon the entire deficiency tax due. 26 U.S.C.A. § 6653(b).

* * *

The construction of § 6653(b) which plaintiffs urge would operate here to relieve the fraudulently acting spouse of liability for one-half of the fifty percent fraud penalty. The purpose of the amendment to § 6653(b) clearly is to afford relief to an innocent spouse who is a party to a joint return, and not to afford relief to the spouse who acted fraudulently. * * * [Citations omitted; 75-1 USTC par. 9150 at p. 87,325.]

Petitioners attempt to distinguish the *Parker* case on the ground that in that case there was no express finding that the

husband therein lacked separate property with which to pay the fraud penalty. We reject this purported distinction as being without significance and find that the court's reasoning in *Parker v. United States,* which succinctly parallels our own analysis above, is wholly applicable to the instant case.[11]

Petitioners' argument that to make Joseph pay the entire fraud penalty out of community funds would violate the spirit and policy of the remedial legislation because in economic reality the innocent wife would be burdened with one-half the total cost of that penalty, was disposed of in the *Parker* case. The District Court said: "This fact is without consequence since the law in Texas is well established that a husband's separate liability may be paid from community funds." The same is true under the California community property law. *Spreckels v. Spreckels,* 48 P. 228 (1897); *Grolemund v. Cafferata,* 111 P. 2d 641 (1941); *Weinberg v. Weinberg,* 63 Cal. Rptr. 13, 432 P. 2d 709 (S. Ct. 1967). Also see Cal. Civ. Code sec. 5105 (West 1970) (formerly Cal. Civ. Code sec. 161(a)), and annotations thereunder. As noted by the Fifth Circuit in affirming the District Court in *Parker:* "There is nothing in the legislative history of Section 6653(b) which implies an intent of Congress to carve out special benefits for community property states."

On the basis of the foregoing, we hold that petitioner Joseph D. Kwong is liable for the entire amount of the 50-percent fraud penalty applied to the deficiencies in petitioners' joint income tax liability for the years 1967 through 1970, inclusive, where such deficiencies resulted from the understatement of community income and were attributable to fraud solely on the part of petitioner Joseph D. Kwong. In so holding, we reject the significance which petitioners would accord to the community character of the understated income. We believe that their reliance thereon has perhaps caused petitioners to erroneously equate general economic detriment with legal liability for taxes; that is, petitioners fail to distinguish between the economic burden on Mee which may in fact result from the collection of the fraud penalties in issue and the legal liability therefor. It is from only the latter that section 6653(b), as intended, provides

---

[11] We do not, however, make any finding as to whether petitioner Joseph D. Kwong was possessed of separate property; although petitioners appended to their opening brief an affidavit by Joseph attesting to the fact that the fraud penalties in issue would necessarily be paid out of community funds, the stipulation of facts does not contain such evidence. See Rule 143(b), Tax Court Rules of Practice and Procedure.

relief to petitioner Mee C. Kwong; it provides no relief for petitioner Joseph D. Kwong.

*Decision will be entered for the respondent.*