JAMES P. KEENE and JAMES P. KEENE, Surviving Spouse and Sole Beneficiary of Prudence T. Keene, Deceased, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keene v. Commissioner
Docket No. 2318-74.
United States Tax Court
T.C. Memo 1979-121; 1979 Tax Ct. Memo LEXIS 412; 38 T.C.M. (CCH) 553; T.C.M. (RIA) 79121; March 29, 1979, Filed *412 Held, petitioner, husband, was not an innocent spouse under sec. 6013(e). Held further, petitioners are entitled to their claimed automobile expenses. Thomas E. O'Sullivan, for the petitioners. John O. Kent, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on January 9, 1974, issued a statutory notice to James P. Keene and Prudence T. Keene in which he determined deficiencies in and additions *413 to their Federal income taxes as follows: Year Ended
Deficiency
Sec. 6653(b) Addition
December 31, 1962
$61,909
$30,955
December 31, 1963
4,511
2,256
December 31, 1964
10,433
5,217
December 31, 1965
16,879
8,440
December 31, 1966
291
After concessions by the parties the following issues remain for our determination [1]: (1) whether petitioner James P. Keene should be relieved of liability for tax, interest and penalties for the taxable year 1962 as an innocent spouse under section 6013(e), I.R.C. 1954; (2) whether petitioners are entitled to a deduction in 1962 for media and supplies expense in the amount of $36,270, and (3) whether petitioners are entitled to automobile expenses for the taxable years 1962, 1963, 1964 and 1965 in amounts exceeding $692.09, $1,053.44, $615.11 and $-0-, respectively. *414 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. James P. Keene (hereinafter Keene) and Prudence T. Keene (hereinafter Mrs. Keene), deceased, timely filed their calendar year 1962, 1963, 1964, 1965 and 1966 joint Federal income tax returns on the cash basis method of accounting with the district director of internal revenue, Los Angeles, California. Keene resided in Palos Verdes, California at the time of filing the petition herein. Keene has waived as an affirmative defense the statute of limitations with respect to his liability for the deficiencies in income tax for the taxable years 1962, 1963, 1964 and 1965. During the taxable years 1962 through 1966 the Keenes owned and operated an advertising and public relations firm which did business as Keene and Associates (hereinafter Associates). Its principal place of business was located in Los Angeles, California. Associates maintained its books and records on the cash method of accounting. During the years 1962 through 1965 it was engaged in advertising and public relations work for political campaigns *415 and received income from the following campaign committees: (1) Johnson-Humphrey, Southern California; (2) Brown for Governor; (3) Cranston for Senator; (4) California's Proposition 14, and (5) Jones for Board of Education. On their income tax returns for the taxable years 1962 through 1965 the Keenes included as gross receipts only the amounts which were recorded as income on their books of account and records. Therefore, failure of Mrs. Keene to record additional receipts of $62,079, $6,725.44, $2,000 and $10,359.40 for their taxable years 1962 through 1965, respectively, on such books and records caused equivalent understatements on their returns. Mrs. Keene omitted such amounts fraudulently and with the intent to evade tax. The actual returns were prepared by a certified public accountant with information furnished him by Mrs. Keene. Although both Keene and Mrs. Keene were principals of Associates, it was Keene who generated the business accounts. He secured the accounts, sold the campaign to the candidates, acted as advance man, arranged for meetings, wrote speeches, wrote and directed television and radio spots, designed billboards, trained candidates for appearances *416 on television, and designed and wrote pamphlets and newspaper advertising. Mrs. Keene assisted him by keeping Associates' books. Petitioners' 1962 cash receipts journal records as income the following amounts attributable to the Governor Brown re-election campaign: Date
Amount
April 2, 1962
$ 21,143.87
April 27, 1962
4,030.00
April 27, 1962
1,508.15
May 1, 1962
2,873.00
May 11, 1962
6,627.00
May 11, 1962
2,060.50
May 11, 1962
183.32
May 16, 1962
466.86
May 31, 1962
2,001.65
June 5, 1962
104.00
June 10, 1962
2,322.45
June 14, 1962
1,169.77
July 5, 1962
1,590.60
July 29, 1962
930.00
August 18, 1962
11,650.49
September 10, 1962
125.60
September 17, 1962
20,000.00
September 19, 1962
5,000.00
October 15, 1962
10,000.00
October 15, 1962
4,982.64
November 6, 1962
750.00
December 18, 1962
1,448.45
$100,968.35
During 1962, petitioners wrote the following checks which were recorded as media and supplies expense on their books and records and deducted as media and supplies expense on Schedule C to petitioners' 1962 joint income tax return: [SEE TABLE IN ORIGINAL] These funds were disbursed at the direction of the Committee *417 to Re-elect Governor Brown (hereinafter the Committee) to payees who were all partisan Democratic committees whose expenditures were overseen by the Committee. The purpose behind such expenditures was to register Democrats to vote, hopefully resulting in a residual benefit to the Democratic candidate Brown. These payments did not constitute political contributions. Keene used an automobile in his public relations work during the years in issue. Petitioners deducted as automobile expenses $3,092.09; $3,453.44, $3,015.11 and $1,503.97 for their taxable years 1962, 1963, 1964 and 1965, respectively. Respondent disallowed $2,400 for each year. OPINION Issue 1. Innocent Spouse
(a) Section 6013(e). Keene contends that, because he was an innocent spouse as defined in section 6013(e)[2], he should be relieved of all liability for tax, interest and penalties for the taxable year 1962. Under that section a spouse is considered innocent of wrongfully omitting income even though he joined in the filing of a return under section 6013(a) if three prerequisites are met: (1) the income *418 omitted is attributable to the other spouse; (2) the spouse did not know, and had no reason to know of the omission, and (3) after considering all facts and circumstances and whether the spouse derived a significant benefit from the omitted income, it is inequitable to hold the spouse liable for the deficiency arising due to the omission. *419 Keene joined with Mrs. Keene in filing the 1962 return. The income omitted was derived from his public relations business. Although Mrs. Keene kept the books it was Keene who actually generated the business accounts. He secured the accounts, sold the campaign to the candidates, acted as advance man, arranged for meetings, wrote speeches, wrote and directed television and radio spots, designed billboards, trained candidates for appearances on television and designed and wrote pamphlets and newspaper advertising. Mrs. Keene merely assisted him in his business. Therefore, although the omission of income is attributable to Mrs. Keene, the income omitted is not. For this reason it is also impossible to assume that Keene neither knew, or had reason to know, of the omission. Further, the amount omitted is too large and the ungrading in life style too apparent for petitioner to have been unaware of the discrepancy in reported income. Finally, Keene has failed to present the Court with evidence indicating that Mrs. Keene used the omitted income in a manner such that Keene received no significant benefit therefrom. We have just referred to the change in life style.We find for respondent *420 on this issue. Sonnenborn v. Commissioner,57 T.C. 373, 382 (1971). (b) Section 6653(b). Section 6653(b) relieves a spouse, who filed a section 6013(a) joint return, from the 50 percent addition to tax for fraud if that spouse did not commit the fraud. [3] Petitioners argue that section 6653(b) relieves Keene of any liability for the year 1962 to the extent that such liability is attributable to unreported income. Section 6653(b) does relieve Keene, individually, of liability for the 50 percent addition to tax. It does not, however, relate to the deficiency *421 in tax (and interest) covered by section 6013(e).We also note that Mrs. Keene, or Keene as her surviving spouse and sole beneficiary, remains liable under section 6653(b) for the entire amount of the addition to tax. Kwong v. Commissioner,65 T.C. 959, 967 (1976). Issue 2. Media and Supplies Expense
Associates recorded as income in 1962 $100,968.35, attributable to the Governor Brown re-election campaign. At the direction of the Committee, Associates issued checks in that year totaling $36,270 to the following payees: United Citizen's Registration Committee, Committee to Re-elect Governor Brown, Get Out the Vote Drive North, Get Out the Vote Drive South, Citizens for Brown, and Northern California Get Out The Vote Drive. Petitioner deducted such amounts as media and supplies expense. Respondent has disallowed this deduction as not ordinary and necessary to petitioners' trade or business. On brief respondent classifies such amounts as non-deductible payments to campaign funds.We find respondent's approach to be unrealistic. We agree with petitioners' suggestion that, in retrospect, more accurate income and deduction records would have resulted if Associates *422 had held the Committee's funds in trust rather than commingling such amounts in Associates' accounts. However, all the evidence before the Court indicates that such amounts were, indeed, disbursements made at a business client's behest of amounts that client had paid over to Associates which Associates included in income. They were expended in an effort to re-elect the client's candidate in furtherance of Associates' business. We find for petitioner on this issue. Issue 3. Automobile Expense
Petitioners deducted as automobile expenses $3,092.09, $3,453.44, $3,015.11 and $1,503.97 for their taxable years 1962, 1963, 1964 and 1965, respectively. Respondent disallowed $2,400 for each year. While the evidence presented by petitioners with respect to this issue is sketchy, we find respondent's disallowance to be arbitrary and capricious. The uncontroverted evidence before the Court indicates that Keene used an automobile in his public relations work during the years in issue. Respondent disallowed a flat figure of $2,400 for each of the years in issue. Respondent's argument is not enhanced by a disallowance of $2,400 for 1965, a year in which petitioners had claimed a *423 deduction of only $1,503.97. We find such slipshod calculations to be arbitrary and capricious. The burden of proof is normally on petitioners but, once petitioners have shown respondent's determination to be unreasonable, they need not prove the correct amount of the deduction. Helvering v. Taylor,293 U.S. 507, 515 (1935). We find for petitioners on this issue. Decision will be entered under Rule 155. Footnotes
1. We assume that petitioners are conceding the 1962 and 1963 travel expense deductions, the 1963 entertainment expense deduction, and the 1963 and 1964 self-employment tax issue for which no evidence was submitted at trial and no argument made on brief. Respondent has conceded that petitioners are entitled to a salary and wages expense in the amount of $4,198 for the year 1965.↩
2. SEC. 6013(e) Spouse Relieved of Liability in Certain Cases.-- (1) In general.--Under regulations prescribed by the Secretary, if-- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return. (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission. then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.↩
3. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * In the case of a joint return under section 6013↩, this subsection shall not apply with respect to the tax of a spouse unless part of the underpayment is due to the fraud of such spouse.