ROBERT F. AND RAMONA J. SAUNDERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saunders v. Commissioner
Docket No. 16232-88
United States Tax Court
T.C. Memo 1992-361; 1992 Tax Ct. Memo LEXIS 383; 63 T.C.M. (CCH) 3180; June 24, 1992, Filed *383 Decision will be entered under Rule 155. Arthur H. Davis, for petitioners. Michael L. Boman, for respondent. WHALEN
WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
50% of interest on:
1983
$ 35,803.40
$ 1,790.00
$ 35,803.00     $ 8,951.00
1984
32,222.51
1,611.00
32,222.51     8,056.00
1985
6,654.00
333.00
6,654.00     1,664.00
All section references are to the Internal Revenue Code, as amended. After concessions, the sole issue for decision is whether petitioners substantiated deductions for Mrs. Saunders' interior design businesses in excess of the amounts allowed by respondent, $ 1,908.37 in 1983 and $ 4,838.69 in 1984. FINDINGS OF FACT Some of the facts have been stipulated and the Stipulation of Facts filed is incorporated herein. Petitioners are husband and wife. They have been married for more than 32 years and have three children. At the time they filed their petition in this case, they resided at Goddard, Kansas. During the years *384 in issue, the couple had at least two sources of income. First, Mr. Saunders received wages from Boeing Military Airplane Company. He was employed by Boeing as a power plant engineer. Petitioners' joint income tax returns for the years in issue report Mr. Saunders' wages from Boeing in the amount of $ 28,790.52 in 1983, $ 34,008.56 in 1984, and $ 34,008.56 in 1985. Second, Mrs. Saunders realized income from interior design businesses which she operated under the names Special Request and Country Connections. None of petitioners' returns for the years in issue report any income from Mrs. Saunders' interior design businesses and none of the returns claim deductions for expenses paid by the businesses. In 1979, Mrs. Saunders' business was known as Joyce-Ann Interiors. By 1980, the business was known as Interiors Unlimited and was operated as a proprietorship. In December of 1981, Mrs. Saunders transferred Interiors Unlimited to a corporation, Special Request, Inc. Petitioners filed no corporate return for Special Request, Inc. for any period ending after November 30, 1982, and they allowed the corporation to forfeit its charter on June 15, 1984, for failure to file the company's *385 1983 annual report. The parties agree that during the taxable years at issue, 1983, 1984, and 1985, Special Request was operated by Mrs. Saunders as a sole proprietorship. By 1983, Special Request shared a three room store on Main Street in Goddard, Kansas with a "recycled clothing" business, Daddy's Mony, operated by Mrs. Saunders' daughter-in-law, Ms. Marsha Saunders. The two businesses also shared a single bank account at the Garden Plains State Bank. In June or July of 1983, Mrs. Saunders began another interior design business known as Country Connections. That business was operated as a sole proprietorship until it was incorporated as Country Connections, Inc. For tax purposes, petitioners treated Country Connections, Inc., as having commenced at the end of June, 1984, but its Articles of Incorporation were filed on August 27, 1984. The corporation filed a Federal income tax return for the period ending July 31, 1985. It maintained its own bank account which was not included in respondent's bank deposits analysis of petitioners' income. For approximately 6 months, Country Connections, Inc., leased a store in Wichita, Kansas. At the end of that period, Mrs. Saunders *386 moved the business into her home. Country Connections, Inc., failed to file its 1985 annual report and it forfeited its charter in 1986. Respondent's agents were not provided with adequate records from which they could compute the income and expenses of Mrs. Saunders' interior design businesses. Accordingly, respondent computed petitioners' income for each of the years at issue using the bank deposits method of proof. Under that method, respondent determined that petitioners had realized unreported income of $ 85,103.14 in 1983, $ 81,103.91 in 1984, and $ 13,323.30 in 1985. The principal adjustment which respondent made in the notice of deficiency issued to petitioners was to increase their taxable income by the above amounts of unreported income. Respondent also determined that petitioners were entitled to deduct business expenses attributable to Mrs. Saunders' businesses in the amount of $ 1,908.37 in 1983 and $ 4,838.69 in 1984. In their petition, petitioners took issue with respondent's use of the bank deposits method of proof, and they claimed business expenses of $ 41,754.03 in 1983 and $ 28,004.50 in 1984. We note that respondent made eight other adjustments to petitioners' *387 returns in the notice of deficiency, but petitioners failed to place any of those adjustments at issue in the petition. Similarly, petitioners failed to take issue with any of those adjustments in their trial memorandum, in the statements of their attorney before trial or in their post-trial brief. At trial, respondent's revised computation of petitioners' unreported business income was introduced into evidence as a joint exhibit attached to the Stipulation of Facts. That computation shows that petitioners realized unreported income of $ 44,399.50 in 1983, $ 40,132.65 in 1984, and $ 5,165.62 in 1985, rather than the amounts set out in the notice of deficiency. OPINION In their post-trial brief, petitioners concede that respondent had correctly determined the unreported income realized by petitioners during each of the years in issue. Their post-trial brief states, "no disputes remain with respect to the income of the taxpayers for the years in question." We understand that statement to mean that petitioners accept respondent's revised computation of petitioners' unreported business income which was introduced as a joint exhibit at trial. According to petitioners' post-trial *388 brief, the only question at issue is "what, if any, expenses should be allowed by the Court." As mentioned above, respondent determined, in the notice of deficiency, that petitioners were entitled to deduct additional business expenses in the amount of $ 1,908.37 in 1983 and $ 4,838.69 in 1984. Respondent determined no additional business expenses for 1985. In their petition, petitioners asserted: The Commissioner improperly disallowed business expenses incurred by Ramona J. Saunders in the amounts of $ 41,754.03 for 1983, and $ 28,004.50 for 1984.
The above assertion is not accurate. Actually, petitioners failed to claim any expenses from Mrs. Saunders' interior design businesses as deductions on any of the returns at issue. In any event, petitioners have the burden of substantiating the additional business deductions to which they claim to be entitled. Rule 142(a), Tax Court Rules of Practice and Procedure (hereinafter all references to "Rule" are to the Tax Court Rules of Practice and Procedure). Petitioners failed to substantiate any additional deductions for Mrs. Saunders' interior design businesses. As their post-trial brief states, "no testimony or evidence *389 was taken by the Court regarding taxpayers' expenses." We would add that petitioners failed to seek the introduction of any such testimony or evidence. At trial, petitioners called Mrs. Saunders as their only witness, and she testified, at length, about petitioners' numerous bank accounts and their income during the years in issue. However, she presented no testimony concerning expenses incurred in her interior design businesses. Accordingly, petitioners put no evidence in the record to substantiate business expenses in excess of those determined by respondent in the notice of deficiency. At the close of the trial, the Court noted that respondent's agents had agreed to meet with petitioners for the purpose of reviewing documentary evidence of additional business expenses. Respondent's agents agreed to meet with petitioners as an accommodation to the Court. In order to give the parties an opportunity to meet and, possibly, to settle this case, the Court refrained from ordering the parties to file post-trial briefs, and it set the case for report several months later. Unfortunately, the post-trial discussions between the parties were not fruitful. Petitioners now attach copies *390 of a variety of documents to their post-trial brief, such as checks, invoices, and leases, in an effort to substantiate additional business deductions. None of the documents was introduced into evidence at trial. Petitioners argue as follows: The taxpayers respectfully submit that the additional expenses, disallowed by the respondent, are responsible and necessary expenses. The Court should order counsel for respondent review [sic] the additional expenses to determine whether such expenses are properly documented. In the alternative, the Court should allow such expenses and direct that Respondent recompute its deficiencies with respect to all tax years.
In view of the fact that none of the documents attached to petitioner's brief was introduced at trial, none of them forms a part of the record of this case and we shall consider none of them at this point. E.g., Kwong v. Commissioner, 65 T.C. 959, 967 n.11 (1976); West 80th Street Garage Co., Inc. v. Commissioner, 12 B.T.A. 798, 800 (1928); Jacobs v. Commissioner, T.C. Memo. 1977-1. Moreover, the statements in petitioners' brief concerning the expenses incurred *391 by petitioners are not evidence. Rule 143(b); Bialo v. Commissioner, 88 T.C. 1132, 1140 (1987); Reiff v. Commissioner, 77 T.C. 1169, 1175 (1981). For the above reasons, we hereby sustain respondent's determination that petitioners are entitled to deduct additional business expenses in the amount of $ 1,908.37 in 1983 and $ 4,838.69 in 1984. We hold that petitioners failed to prove any business deductions in excess of those amounts. We are constrained to make a final comment concerning this case. At the time the case was first called for trial, petitioners had not filed a trial memorandum as had been ordered by the Court in its Standing Pre-Trial Order. They had also failed to cooperate with respondent's attorney in preparing a trial stipulation, as required by Rule 91 and the Standing Pre-Trial Order. Through their attorney, petitioners asked the Court to continue the trial on the ground that their accountant was not available to testify on their behalf as an expert witness. Respondent objected to that motion and it was denied by the Court for a number of reasons, including the fact that petitioners had failed to file an expert witness *392 report as required by Rule 143(f). Nevertheless, the Court, in effect, granted a continuance of 3 days for the purpose of giving the parties additional time to complete their pretrial preparation, including the preparation of a trial stipulation. When the case was again called for trial, petitioners' attorney renewed his motion for continuation on the ground that petitioners had assembled "documentary evidence concerning the expenses that related to (Mrs. Saunders') business" but that respondent had not had an opportunity to review that information and "there's quite a bit of work that still needs to done." Respondent's attorney objected to petitioners' motion for continuance. Ultimately, petitioners withdrew their motion for continuance and elected to proceed. To reflect concessions by respondent, Decision will be entered under Rule 155.